DECISION
This matter comes before the Court on the motion of Defendant Robert Conti (the "Defendant") to correct illegal sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. The State of Rhode Island (the "State") has objected to this motion. For the reasons set forth below, this Court denies Defendant's motion to correct illegal sentence.
 I FACTS TRAVEL
On May 10, 2006, the Defendant pled nolo contendere to one count of Indecent Solicitation of a Child in violation of R.I. Gen. Laws 1956 § 11-37-8.8. Although on that date, the crime of Indecent Solicitation of a Child was not listed among the offenses requiring the Defendant to register as a sex offender, the crime became a registerable offense in 2008 when the General Assembly amended § 11-37.1-3 to include § 11-37-8.8.
The State contends that the Defendant must register as a sex offender because of his 2006 plea. The Defendant asserts that the Rhode Island Sex Offender and Community Notification requirements are a violation of his constitutional right to due *Page 2 
process and subjecting him to the registration requirement would violate the ex post facto clause of both the United States and Rhode Island Constitutions.
 II DISCUSSION
Under the Rule 35 framework, this Court must deny the Defendant's motion. A motion to correct an illegal sentence simply is not the appropriate vehicle to obtain the relief sought. The rule provides an avenue for the Court to adjust an illegal sentence, which, for the purposes of the rule, is a sentence which has been imposed after a valid conviction but is not authorized under law. See 2 Wright,Federal Practice and Procedure, at 552-53 (1969).[1] An illegal sentence would be one in excess of that provided by statute, the imposition of an unauthorized form of punishment, or a judgment that does not conform to the oral sentence. Id.
Here, the amended statute's registration requirement is neither a sentence, nor is it "punishment." With respect to registration as compared to sentencing, the Rhode Island Supreme Court has determined that registration is merely a "civil regulatory process." State v.Germane, 971 A.2d 555, 593 (R.I. 2009); In re Richard A.,946 A.2d 204, 213 (R.I. 2008). As such, it is not in and of itself a sentence for the purposes of Rule 35.
In denying this motion, the Court is not expressing any opinion with respect to other available avenues of relief. The constitutional arguments made are better suited for different proceedings. Rule 35 provides only limited relief under very narrow parameters; this matter does not properly fall within those parameters. Thus the Court is constrained to deny the motion. *Page 3 
The Court is troubled by the chronology of events and understands the Defendant's dismay at finding himself in this situation. However, because the Court is duty-bound to deny the motion to correct illegal sentence, it is not appropriate for the Court to delve into matters which are not properly before it.
 III CONCLUSION
For the foregoing reasons, the Defendant's motion is denied.
[1] The "Historical Notes" following the rule make clear that Rule 35 "is basically the same as its federal counterpart." *Page 1